UNION CASTLE MAIL S. S. CO., Limited, et al. v. THOMSEN et al.

(Circuit Court of Appeals, Second Circuit. July 26, 1911.)

No. 189.

APPEAL AND ERROR (§ 1177\*)—REVERSAL—DISPOSITION OF CAUSE.

Where counsel in the trial of a cause and the court in its charge to the jury proceeded on an erroneous construction of the statute on which the action was based, an appellate court will not undertake to determine the case on the evidence in the record, but will remand for a new trial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4597–4620; Dec. Dig. § 1177.\*]

Coxe, Circuit Judge, dissenting.

In Error to the Circuit Court of the United States for the Southern District of New York.

Action at law by Hugo Alberto Thomsen and others against the Union Castle Mail Steamship Company, Limited, and others. Judgment for plaintiffs, and defendants bring error. Reversed.

Writ of error to review a judgment of the Circuit Court, Southern District of New York, in favor of the defendants in error, who were plaintiffs below, in an action for the recovery of treble damages under the federal anti-trust statute. The case was before this court before (166 Fed. 251) upon a writ of error sued out by the plaintiffs because their complaint was dismissed.

J. Parker Kirlin and Thomas Thacher, for plaintiffs in error.
Lorenzo Ullo, for defendants in error.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

NOYES, Circuit Judge. When this case was in this court before we said, upon the authority of the decisions of the Supreme Court as we then interpreted them, that whether the restraint of trade imposed by the combination in question was reasonable or unreasonable was immaterial. It is also apparent from the record that the Circuit Court upon the second trial in holding as a matter of law that the combination shown was in violation of the statute, acted upon the same view of the law.

In the light of the recent decisions of the Supreme Court in the Standard Oil (221 U. S. 1, 31 Sup. Ct. 502, 55 L. Ed. 619) and Tobacco (221 U. S. 106, 31 Sup. Ct. 632, 55 L. Ed. 663) Cases, the construction so placed upon the statute by this court and the Circuit Court must be regarded as erroneous and a new trial must be granted unless the contentions of the parties are correct that, upon the facts shown, this court can now determine the legality of the combination.

It is, however, on the one hand, impossible for us to hold as a matter of law that the acts of the defendants as disclosed upon the present record amount to a combination in unreasonable restraint of trade. And, on the other hand, we think that it would be unduly prejudicial to the plaintiffs to reverse the judgment with instructions to dismiss the complaint. The plaintiffs presented their case in view of the decision

of this court that the reasonableness of the restraint imposed was immaterial and it would be most unjust to dismiss the complaint because their proof did not conform to another standard. Upon another trial the plaintiffs may be able to produce additional testimony tending to make out a case within the Supreme Court decisions referred to.

The judgment of the Circuit Court is reversed and a new trial ordered.

COXE, Circuit Judge (dissenting). I am unable to agree with the majority. Courts are organized to reach results within a reasonable time. This action was begun eight years ago, it has been tried twice, the last trial occupying five days; it has been argued twice in this court. In such circumstances it is obvious that the labor of so many years should not be set at naught unless manifest error compels it.

The sole reason assigned for reversal is that this court stated in its former opinion, what was unquestionably the law at that time, that where it was shown that a contract, combination or conspiracy actually restrained trade or commerce, it was immaterial whether such restraint was reasonable or unreasonable. It is asserted that the trial judge followed this view of the law in holding that the combination in question was in violation of the statute and that his ruling in this regard was error. I am unable to discover the ruling, exception or assignment of error which supports this contention or presents this question. As the evidence of the unlawful conspiracy is in writing, there was no controverted fact regarding its terms. Clearly it was the duty of the court and not of the jury to construe this uncontradicted evidence. The only question of fact which it was necessary to determine, in order properly to interpret the agreement between the carriers, was submitted to the jury with clear and careful instructions. The judge charged as follows:

"Now the right of recovery herein depends upon whether the rate charged the plaintiffs was reasonable or unreasonable, and if it was unreasonable, all the defendants, by their unlawful combination in restraint of trade, coerce or compel the plaintiffs to pay a rate greater than a reasonable rate, simply to effectuate the primary purpose of the combination, namely, to prevent competition in the transportation of merchandise. * * * Now, gentlemen, notwithstanding the fact that I have stated to you as matter of law that this was a combination forbidden by the Sherman act, the question submitted to you is whether the rate was reasonable or unreasonable, and that is a question to be determined by you, and it is for you to say whether the 10 per cent. was charged to coerce the plaintiffs to patronize the same ships or not. * * * If, in your judgment, the rate charged by these lines during this period of time was not excessive, if it was reasonable and just, in view of the conditions and circumstances to which I will refer hereafter, then that ends the case, and you will pay no further attention to any of the questions here involved, for in that event, your verdict will be for the defendants."

There is much more to the same effect but the foregoing is sufficient.

The language of the court seems almost prophetic of the rule of the recent decisions of the Supreme Court. If the Standard Oil and Tobacco decisions had been before him while delivering the charge, it is not easy to see how the judge could have followed them more accurately. We have, then, a combination which the jury has found restrained trade by the imposition of excessive and unreasonable charges. In other words, a combination forbidden by the law, whether the "rule of

reason" be or be not applied. No one pretends that any new facts will be presented at a new trial. Should one be ordered, the case will appear for a third time in this court upon the same facts and we will then have to render a decision which should, in my judgment, be rendered now.

In its last analysis, the question, whether the agreement in controversy is within the prohibition of the Sherman act (Act July 2, 1890, c. 647, 26 Stat. 209 [U. S. Comp. St. 1901, p. 3200]), is one of law for the court and should be answered without further delay. The alleged error considered by the majority is not presented by the record but, even if it were, the question is one of law which should be disposed of by the court on the present record.